**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

UNITED STATES OF AMERICA　　　　　CRIMINAL ACTION 08-196

VERSUS　　　　　　　　　　　　　　JUDGE DARREL JAMES PAPILLION

SHANON FRANK　　　　　　　　　　　SECTION P

## ORDER AND REASONS

Before the Court is a Motion for Early Termination of Supervised Release (Record Document 99) filed by Shanon Frank ("Mr. Frank").  On September 17, 2009, Mr. Frank was sentenced to 144 months' imprisonment and seven years of supervised release.  R. Doc. 54.  Mr. Frank completed his term of imprisonment and has now served approximately two-thirds of his term of supervised release.

"A district court may terminate a term of supervised release at any time after one year of the term has been served if, after considering factors listed in 18 U.S.C. § 3553(a), 'it is satisfied that such an action is warranted by the conduct of the defendant released and the interest of justice.'"  *United States v. Seymore*, No. 07-CR-358, 2023 WL 3976200, at *1 (E.D. La. June 13, 2023) (quoting 18 U.S.C. § 3583(e)(1)).  District courts have broad discretion in deciding whether to terminate supervised release, and generally decline to do so merely because a defendant has complied with the terms of supervised release.  *Id.* (citing *United States v. Smith*, No. 10-CR-53, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014)).

Considering the factors listed in 18 U.S.C. § 3553(a), the Court declines to terminate Mr. Frank's supervised release.  Mr. Frank has served approximately two-thirds of his supervised release and, thus, termination would be a significant reduction of Mr. Frank's term of supervised release.  Moreover, the Court does not find Mr. Frank has established circumstances that would justify early termination.  Mr. Frank argues his motion should be granted because he has fully

complied with the terms of his supervised release and has "fully integrated into society."  R. Doc. 99 at 3.  While the Court does not intend to minimize Mr. Frank's compliance with the terms of his supervised release, it does not find basic compliance, by itself, is sufficient justification for terminating supervised release.  *See Seymore*, 2023 WL 3976200, at *2; *see also United States v. Hayes*, No. 01-CR-311, 2023 WL 5328874, at *1 (E.D. La. Sept. 20, 2013).  Because Mr. Frank has not asserted extenuating circumstances, the Court finds termination of supervised release is not warranted in this case.

Accordingly, **IT IS ORDERED** Mr. Frank's motion is **DENIED**.

New Orleans, Louisiana, this 21st day of November 2023.

 

 

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**